THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CARLOS A. SKEETE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **5:08-CV-326 (CAR)** |
| **MIKE MOON, STEPHEN L. SMITH,** : | |
| **MOON FAMILY PROPERTY,** : | |
| **LOWE MOON FORREST PRODUCT,** : | |
| **WILLARD EMERSON, and** : | |
| **BRIGHTSTAR CONSTRUCTION, CO.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER ON PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Before the Court are two separate motions for summary judgment filed by the Plaintiff, one against Defendants Mike Moon, Stephen L. Smith, Moon Family Property, and Lowe Moon Forrest Product [1] ("the Moon Defendants") (Doc. 12) and one against Defendants Willard Emerson and Brightstar Construction Co. ("the Brightstar Defendants") (Doc. 13).  The record of the case indicates that the Brightstar Defendants have never received service of the summons and complaint in this case, and therefore the Court has no jurisdiction to enter judgment against them.  As to the Moon Defendants, the Court finds that Plaintiff has failed to show that there are no genuine issues of material fact or that he is entitled to judgment as a matter of law.  Accordingly, both Motions are hereby **DENIED** and Plaintiff's claims against Defendants Willard Emerson and Brightstar Construction Co. are **DISMISSED** without prejudice.  In addition, for the reasons set forth below it is hereby **ORDERED** that this case shall be **STAYED** pending the final resolution of a concurrent case pending in the courts of the State of Georgia (Skeete v. Moon, No. 07-cv-47337 (Ga. Sup. Ct.)).

---

[1] Defendants state that the proper name of this party is "Lowe-Moon Forest Products, Inc."

## I.     Procedural History of the Case

This case is largely duplicative of another lawsuit that Plaintiff filed in the Superior Court of Bibb County. The dispute in this case and the dispute in the Superior Court case both arise from Plaintiff's purchase of a house from one or more of the Moon Defendants and his complaints about the quality of construction of the house. In both cases, Plaintiff has alleged that he received a one-year warranty with the home and that the Defendants refused to make repairs covered by the warranty. In both cases, Plaintiff has also alleged that some of the Defendants made defamatory statements against him. In his federal complaint, Plaintiff has added a claim that the Defendants violated his civil rights, which claim was not alleged in his Superior Court complaint. Plaintiff has also named "Lowe Moon Forrest Product" as a Defendant in his federal complaint. This Defendant was not named in the state case. With the exception of the civil rights claim and the additional party, the two complaints are substantially identical.

Plaintiff's Superior Court lawsuit preceded this case and has already been resolved at the trial court level. Plaintiff filed his lawsuit in the Superior Court of Bibb County, Georgia, on July 11, 2007. On September 12, 2008, Mike Moon, Stephen Smith, and Moon Family Properties filed a motion for summary judgment in the Superior Court. On October 28, 2008, after the Superior Court received briefing from the concerned parties, the court entered an order granting the motion for summary judgment and disposing of all of the Plaintiff's claims against Mike Moon, Stephen Smith, and Moon Family Properties. Plaintiff's M. for Summary J. Ex. 16 (Doc. 14). The records of the Superior Court of Bibb County indicate that Plaintiff's claims against Emerson and Brightstar were tried in a bench trial on March 26, 2009, and that the Superior Court entered a final judgment in favor of the defendants on June 5, 2009. The Court has not determined whether Plaintiff has filed a timely notice of appeal of the Superior Court's judgment.

On September 26, 2008, the Plaintiff filed the instant action in this Court against all the defendants previously sued in Superior Court and one additional defendant, Lowe-Moon Forest Products. The Moon Defendants promptly moved for summary judgment on the basis of *res judicata*. There is no indication that the Brightstar Defendants have ever received service of process in this case. The Moon Defendants' Motion for Summary Judgment was denied on April 28, 2009, as the Superior Court's summary judgment order was at that time only a partial judgment, not a final judgment with preclusive effect.

## II.     Plaintiff's Motion for Summary Judgment against the Moon Defendants

Plaintiff's Motion for Summary Judgment against the Moon Defendants fails to set forth evidence sufficient to eliminate any genuine issue of material fact or to demonstrate that Plaintiff is entitled to judgment as a matter of law. The Federal Rules of Civil Procedure authorize summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Because Plaintiff bears the burden of proof at trial, it is his burden to demonstrate that on all the essential elements of his claims, no reasonable jury could find for the defendants. See Irby v. Bittick, 44 F.3d 949, 953 (11th Cir. 1995).

Plaintiff's Complaint states five claims for which he would bear the burden of proof at trial. In the first two claims, for breach of contract and breach of warranty, Plaintiff alleges that the Defendants failed to repair his house as required by contract. The third claim alleges that the Moon Defendants fraudulently induced Plaintiff to purchase the house. In the fourth claim, Plaintiff alleges that Defendants Mike Moon and Stephen L. Smith defamed him in a letter that was sent to the Veterans Administration and copied to several other agencies in response to complaints made by Plaintiff. In the fifth claim, Plaintiff alleges that the Defendants violated his civil rights by denying him the right

3

to enjoy his property and by discriminating against him on the basis of his national origin.  As to each of these claims, the evidence submitted by Plaintiff is insufficient to establish the essential elements of the claim such that no reasonable jury could find for the Defendants.

The evidence on file in this case is minimal.  Plaintiff has not submitted a statement of material facts as required by the Court's Local Rule 56.  Instead, he has submitted a set of "exemplified documents" from his action in the Bibb County Superior Court.  (Doc. 14).  These documents include a copy of the Superior Court's order granting summary judgment, a copy of Plaintiff's brief to the Court of Appeals of Georgia[2], and certain documents that appear to have been a part of Plaintiff's response to the motion for summary judgment in the Superior Court.  The only documents that are relevant to Plaintiff's claims in this case are two affidavits by Plaintiff that appear to have been prepared for the Superior Court case, a copy of a "Contractor's One-Year Warranty" dated September 20, 2006, a copy of a "Warranty of Completion of Construction" dated September 20, 2006, and a copy of a letter from Plaintiff to Moon Family Property dated "04/31/07"[*sic*], in which Plaintiff complains of a number of deficiencies or defects in the construction of his house.

Plaintiff's brief in support of his Motion for Summary Judgment against the Moon Defendants in this case appears at times to be an attempt to appeal the summary judgment order of the Superior Court in the state case.  He complains several times about procedural decisions of the Superior Court.  He complains, for example, about three continuances granted by the Superior Court in violation of Georgia's Uniform Superior Court Rules.  Pl's M. for Summary J. 2-3 (Doc. 12)  He also complains that the Superior Court disregarded the laws of Georgia and violated the Uniform Superior Court Rules

---

[2]Plaintiff sought an interlocutory appeal of the Superior Court's summary judgment order, but his appeal was dismissed as untimely.

4

in granting summary judgment in Defendants' favor. This Court has no authority to entertain an appeal from the Superior Court of Bibb County or to enforce the Uniform Superior Court Rules of Georgia.

Plaintiff suggests in his brief that the Superior Court and the Defendants conspired to violate his civil rights in granting summary judgment against him. This claim is not stated in the Complaint, and Plaintiff has failed to present the Court with any legal background for such a claim or any evidentiary materials to support it. He can only show that the Superior Court ruled against him, and that he was unsatisfied with its process. Normally, such concerns are addressed in the appellate courts that have jurisdiction to review the decisions of Georgia courts, not in a United States District Court. Plaintiff has not shown how these decisions could constitute a violation of his civil rights.

Even if this Court were a court of appeals with jurisdiction to review the Superior Court's summary judgment order, the evidentiary materials on record in this case are insufficient to permit the Court to review the order. It is apparent from the written summary judgment order that the Superior Court had a much more extensive record of evidence than is presently before the Court in this case. The Superior Court's order indicates that its record included a transcript of the Plaintiff's deposition and a report from a building inspector retained by Plaintiff. These documents have not been filed in Plaintiff's federal lawsuit. The Superior Court found that Plaintiff's deposition and his inspector's report showed that there were no defects sufficient to constitute a breach of warranty. The record in this case lacks any evidence to call the Superior Court's conclusions in to question. The documents that have been filed in this case do not support summary judgment in favor of Plaintiff.

As to Plaintiff's claims of breach of contract and breach of warranty, the record presents only conclusory evidence as to the nature of the alleged construction defects, primarily in Plaintiff's two affidavits. The affidavits show only that Moon Family Properties provided a broadly-worded contractor's warranty and a warranty of completion of construction, and that Plaintiff was unsatisfied

with the condition of his house when he moved in. This evidence fails to set forth the precise nature of the alleged defects and does not allow the Court to determine whether any such defects, or the Defendants' efforts to remedy them, may have constituted a breach of warranty. These conclusory statements are insufficient to form an evidentiary basis for judgment as a matter of law.

With regard to Plaintiff's claims of fraudulent inducement and defamation, at this stage in the proceedings the Court cannot disagree with the finding of the Superior Court that the statements described by Plaintiff in his Complaint are neither fraudulent nor defamatory in nature. Plaintiff alleges that Defendant Mike Moon induced him to purchase the property in question by stating that he had fine homes in Macon and that he would honor his warranty. As the Superior Court noted, these are statements of opinion, rather than factual statements that could constitute fraud. Furthermore, as noted above, Plaintiff has not established as a matter of law that Mr. Moon did not honor his warranty. Likewise as to Plaintiff's claims of defamation, the statements Plaintiff describes are not factual in nature but are general statements of opinion and are not actionable as defamation under Georgia law.

Finally, Plaintiff has failed to submit evidence to substantiate his civil rights claims. The only evidence presented in Plaintiff's affidavits is that Plaintiff has observed a roofing contractor repairing shingles on a neighbor's house. He has not provided any evidence to link this contractor to the Defendants in any way or to show that their work was linked to a discrimination or a civil rights violation by the Defendants. This evidence is insufficient to warrant judgment as a matter of law in Plaintiff's favor.

**III.     Plaintiff's Motion for Summary Judgment against the Brightstar Defendants**

The Court cannot entertain Plaintiff's Motion for Summary Judgment against the Brightstar Defendants because they have never been served and are not a part of this case.  "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments, 553 F.3d 1351, 1360 (11th Cir. 2008).  The Court's docket shows that Plaintiff attempted to obtain a waiver of service from the Brightstar Defendants by means of certified mail.  The certified letter was returned to Plaintiff on October 13, 2008, marked as "Unclaimed."  (Doc. 5).   There is no indication on the docket that Plaintiff ever attempted to perfect service by the methods prescribed in Rule 4(e) of the Federal Rules of Civil Procedure.

On July 31, 2009, the Court issued an Order directing Plaintiff to show cause why his action against the Brightstar Defendants should not be dismissed for failure to perfect service within the time provided in Rule 4(m).  (Doc. 24).  Plaintiff responded by filing another copy of the return from his unclaimed certified letter, and argues that the Brightstar Defendants have been served by virtue of their refusal to accept the certified letter.  The Federal Rules do not authorize service of process by certified mail.  When a party has refused to waive service of process under Rule 4(d), the plaintiff must serve that party by the methods prescribed in Rule 4(e) or 4(h).  Plaintiff has not shown good cause for his failure to do so.  Plaintiff is neither indigent nor unsophisticated.  The subject of this lawsuit is a piece of real property that Plaintiff purchased for more than $400,000.  Plaintiff has represented that he has a doctoral degree.  He is capable of understanding the Federal Rules of Civil Procedure or of hiring an attorney who is capable of doing so.  In the absence of any good cause for his failure to perfect service, Plaintiff's claims against the Brightstar Defendants are **DISMISSED** without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IV.	Stay of the Case**

Because there is a parallel case pending in the courts of the state of Georgia that has already been fully litigated, a stay of this case is warranted pursuant to the abstention doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  The Colorado River doctrine authorizes a stay of an action where there is a concurrent proceeding in a state court and where a stay is warranted by principles of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)).

The Colorado River analysis "is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal and Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004).  In this case, that threshold is easily crossed.  There is only one additional party in this case, Lowe-Moon Forest Products.  That party is closely related to the other Moon Defendants and appears to have an indirect involvement in the facts at issue.  There is only one issue in this case that is not raised in the state case, a civil rights claim of questionable merit.

Once the threshold matter of substantial congruence between the state and federal cases is established, courts must consider whether there are "exceptional circumstances" that justify a federal court's decision to abstain from exercising its jurisdiction and to yield to the jurisdiction of the state court. Id. at 1328. The Eleventh Circuit has outlined seven factors "that must be weighed in analyzing the permissibility of abstention." Id. at 1331.  The first six factors are

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Id. The Supreme Court has set forth a seventh factor, remarking that "the vexatious or reactive nature of either the federal or state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River." Id. (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17 n. 20 (1983)).  These seven factors are not a "mechanical checklist" and "[t]he weight given to any one factor may vary greatly from case to case." Id. (quoting Moses H. Cone, 460 U.S. at 16).

The factors outlined in Ambrosia Coal weigh heavily in favor of abstention in this case.  Neither forum has taken jurisdiction over property and both forums are equally convenient to the parties.  There is a potential for inconsistent decisions, if not for piecemeal litigation, as both cases present essentially the same issues.  The Superior Court was the first to obtain jurisdiction over the case and was already considering a motion for summary judgment before Plaintiff filed his Complaint in this Court.  The Superior Court had granted summary judgment in favor of the Moon Defendants before the Moon Defendants were even required to file an answer in this case.  With the exception of the civil rights claim added to obtain federal jurisdiction in this case, both cases revolve around questions of Georgia law.  The courts of Georgia, therefore, are better suited to protect the parties' rights than the federal courts.

The most important consideration justifying abstention in this case is the seventh factor, from the Supreme Court's decision in Moses H. Cone.  The circumstances of this lawsuit indicate that Plaintiff's decision to file a second lawsuit in federal court is vexatious in nature.  The typical abstention scenario involves two cases that are mirror images of one another.  Most commonly, one party files a declaratory judgment action that anticipates or reacts to a lawsuit that the other party has filed or intends to file.  The plaintiff in one case becomes the defendant in the mirror-image case.  In this case, by contrast, Plaintiff simply filed the same lawsuit in two different courts.  This second

lawsuit, filed in federal court, appears to be an attempt to obtain another chance to litigate claims that were not going well in the Superior Court.  It serves no purpose other than to double the costs of litigation for the Defendants and to increase the burden on the courts.  The vexatious nature of this second suit is the decisive factor warranting abstention.

Because of the exceptional circumstances that favor deference to the concurrent state proceedings, the Court finds that a stay of the proceedings in this case would promote wise judicial administration.  Accordingly, it is hereby **ORDERED** that this case shall be **STAYED** pending the litigation of Plaintiff's claims in the Georgia courts.  The parties are **DIRECTED** to notify the Court within thirty (30) days of the final resolution of Plaintiff's case and to inform the Court of any issues that may remain for determination at that time.

**SO ORDERED** this 20th day of August, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

chw